UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WIMBERLY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0858 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 5.)

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

For the reasons stated herein, this action is dismissed.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are the United States of America, United States Department of State, United States Attorney General, Nicholas Phillip Trist, Republic of Cuba, Republic of Cuba Governor-General Ezeplata, Republic of Portugal, Republic of Portugal Consul Fernandez and Republic of Portugal Acting Consul Trist.

Plaintiff appears to identify himself as a descendant of formerly enslaved African Americans. Plaintiff seeks monetary relief against defendants for past wrongs in connection with the institution of slavery. Plaintiff states that his claims are brought pursuant to the Alien Tort Claims Act ("ATCA") and the Treaty of Ghent.

For the reasons discussed herein, plaintiff's complaint suffers from several pleading defects which cannot be cured.

First, the undersigned finds that plaintiff does not have standing to raise his claims. "When one 'proceeds on a generalized, class-based grievance; [and] neither alleges, nor suggests that [ ]he might claim, any conduct on the part of any specific official or as a result of any specific program that has run afoul of a constitutional or statutory right and caused h[im] a discrete injury', standing is absent." Bell v. U.S., 2001 WL 1041792 at * 2 (N.D. Texas 2001) (quoting Cato v. United States, 70 F.3d 1102, 1109 (9th Cir. 1995). "Without a concrete, personal injury that is not abstract and that is fairly traceable to the government conduct that [plaintiff] challenges as unconstitutional, [plaintiff] lacks standing." Cato, 70 F.3d at 1109 (African American pro se litigant did not have standing to bring claim against United States for damages due to enslavement of African Americans).

Second, plaintiff's claims brought pursuant to the Treat of Ghent are legally frivolous. The Treaty of Ghent, executed on December 24, 1814, concluded the War of 1812. Guiles v. U.S., 100 F.2d 47, 48 (9th Cir. 1938). The Treat of Ghent is not relevant to plaintiff's claims.

Third, plaintiff's ATCA claims are barred by the statute of limitations. While the ATCA does not include a statute of limitations, the Ninth Circuit has adopted the ten-year statute of limitations provided in the Torture Victim Protection Act ("TVPA") for ATCA claims. Deutsch v. Turner Corp., 324 F.3d 692, 717 (9th Cir. 2003) ("The statute of limitations under the ATCA is 10 years."); Papa v. United States, 281 F.3d 1004, 1012 (9th Cir. 2002) ("[W]e decide that the statute of limitations applicable to the ATCA is that provided by the TVPA."). Accordingly, plaintiff's claims brought pursuant to the ATCA are barred by the statute of limitations. See also In re African-American Slave Descendants Litigation, 304 F.Supp.2d 1027, 1069 (N.D. Ill. 2004) (claims seeking reparation for slavery pursuant to ATCA barred by the statute of limitations). The undersigned further finds that plaintiff's claims are not timely pursuant to the continuing violation doctrine, equitable estoppel or equitable tolling. Id. at 1071-74.

Fourth, plaintiff's ATCA claim against the United States is barred based on sovereign immunity. "Generally, the United States enjoys sovereign immunity from suit unless it has specifically waived immunity." Jeanmarie v. United States, 242 F.3d 600, 602 (5th Cir. 2001). In some instances the FTCA provides for a waiver of such immunity. Id. "[C]laims arising out of the fact of slavery, kidnapping, and other offenses to [plaintiff's] ancestors that occurred prior to 1945 or were not pursued within two years of their accrual, fall outside the FTCA's limited waiver of sovereign immunity." Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995).

Fifth, it is well settled that the United States is the only proper defendant in a FTCA suit. See, e.g., F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States and it only allows claims against the United States.") For this reason, plaintiff cannot state claims against the other defendants pursuant to the FTCA.

Because it is clear that plaintiff cannot cure the pleading defects discussed above, the undersigned orders this action dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. This action is dismissed.

Dated: May 17, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wim858.ord