UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WIMBERLY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-0858 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 5.)

On May 17, 2017, the undersigned ordered this action dismissed and judgment was entered. (ECF Nos. 6, 8.) On May 30, 2017, plaintiff filed a motion for reconsideration of the May 17, 2017 order dismissing this action pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 10). For the following reasons, plaintiff's motion is denied.

Federal Rule of Civil Procedure 60(b) provides for relief from judgment due to 1) mistake, inadvertence, surprise, excusable neglect; 2) newly discovered evidence; 3) fraud; 4) the judgment is void; 5) the judgment has been satisfied; or 6) any other reason that justifies relief.

In this action, plaintiff sought monetary damages against defendants for past wrongs in connection with the institution of slavery. Plaintiff stated that his claims were brought pursuant to the Alien Tort Claims Act ("ATCA") and the Treat of Ghent. The undersigned found that

plaintiff's complaint suffered from several pleading defects which could not be cured.

In the pending motion, plaintiff argues that the undersigned misapplied the law in finding that he failed to state potentially colorable claims. After reviewing plaintiff's motion, the undersigned finds that plaintiff's motion is without merit.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 10), brought pursuant to Federal Rule of Civil Procedure 60(b), is denied.

Dated: June 21, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wimb0858.850
kc

---

[1] Plaintiff contends that the undersigned called slavery "frivolous" in the May 17, 2017 order. The undersigned did not find that the institution of slavery was "frivolous." Rather, the undersigned found that plaintiff's claims challenging the institution of slavery were legally frivolous.

2